<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 4, 2026

Jhonathan Cabrera
1412 90th Street
North Bergen, NJ 07047
*Pro se Plaintiff*

Sophie Kaiser
United States Attorney's Office, District of New Jersey
970 Broad Street
Newark, NJ 07102
*Counsel for Defendants*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

    **Re:**    ***Cabrera v. United States Citizenship and Immigration Services, et al.*, Civ. No. 25-126 (SDW)**

Parties:

    Before this Court is Defendants' United States Citizenship and Immigration Services ("USCIS"), Department of Homeland Security ("DHS"), and Department of Justice ("DOJ") (collectively, "Defendants") Motion to Dismiss (D.E. 26-1 ("Motion")) *pro se* Plaintiff Jhonathan Cabrera's ("Plaintiff") Amended Complaint (D.E. 7 ("AC")) pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). For the reasons stated herein, Defendants' Motion is **GRANTED**, and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

<u>**BACKGROUND & PROCEDURAL HISTORY**</u>

    Plaintiff, a Colombian citizen, applied for asylum in the United States in April 2021. (AC at 4.) To date, Plaintiff's application has not been adjudicated and remains pending. (*Id.*) On January 3, 2025, Plaintiff filed his initial Complaint against Defendants and filed his Amended Complaint on April 22, 2025. (*See id.*; D.E. 1.) On August 10, 2025, Defendants advised this Court that they had not been properly served and were unaware that the case had been filed. (*See* D.E. 10.) Plaintiff brings a claim under the Administrative Procedure Act ("APA") 5 U.S.C. §§

555 and 706 and seeks a writ of mandamus under the Mandamus Act, 28 U.S.C. § 1361[1]. (*See* AC at 2, 5.)

Plaintiff contends that Defendants have unreasonably delayed adjudicating his application and asks this Court, among other relief, to issue a writ of mandamus compelling Defendants to promptly adjudicate his pending application. (*Id.*) Defendants moved to dismiss the Amended Complaint and timely briefing ensued[2]. (*See* D.E. 26, 29.)

## STANDARD OF REVIEW

### A. Rule 12(b)(1)

This Court can adjudicate a dispute only if it has subject matter jurisdiction over the asserted claims. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction either facially or factually. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron/Temodar Cons. Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

Defendants facially challenged this Court's subject matter jurisdiction over Plaintiff's claims. (D.E. 26-1 at 18–26.) "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction of the court because, for example, . . . there is no indication of a diversity of citizenship among the parties." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (quoting *Const. Party of Pa.*, 757 F.3d at 358). In considering a facial attack, a district court employs the familiar standards of Rule 12(b)(6), assuming the veracity of the well-pleaded facts in the complaint and construing them in the light most favorable to the plaintiff. *Const. Part of Pa.*, 757 F.3d at 358 (citing *Schering Plough*, 678 F.3d at 243).

### B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The factual allegations, accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint constitute a "plausible" claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

---

[1] To the extent Plaintiff asserts claims under the Immigration and Nationality Act ("INA"), those claims are dismissed as INA provisions cited in the Amended Complaint do not provide a private right of action. (D.E. 26-1 at 26–27; 8 U.S.C. § 1158(d); § 1571(b).)

[2] Defendants did not file a reply brief.

A.  Administrative Procedures Act Claim

Plaintiff alleges that Defendants have failed to adjudicate his asylum application within a reasonable time, in violation of the APA[3].  (AC at 5.)  Defendants argue that Plaintiff has failed to state a viable APA claim because a delay is not unreasonable where expediting one application would merely move that applicant ahead of others, and because the *Oil* factors weigh against a finding of unreasonable delay.  (D.E. 26-1 at 20–27.)  For the reasons set forth below, Plaintiff's unreasonable delay claim is dismissed for failure to state a claim.

The APA provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  The Third Circuit considers four factors to determine whether agency action has been "unreasonably delayed":

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act.  Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action.  Third, the court should assess the consequences of the agency's delay.  Fourth, the court should consider any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3d Cir. 1998) (quoting *Raymond Proffitt Found. v. U.S. E.P.A.*, 930 F. Supp. 1088, 1102 (E.D. Pa. 1996)).  Each factor weighs in favor of Defendants.

First, Plaintiff filed his initial Complaint more than three and a half years after he submitted his application to USCIS.  (AC at 4.)  Although a wait exceeding three years is significant, this District has held that delays of this length are not unreasonable.  *See Elezaj v. Mayorkas*, No. 24-00935, 2025 WL 368877, at *8 (D.N.J. Feb. 3, 2025); *Altun v. Mayorkas*, No. 23-3944, 2024 WL 4882578, at *3 (D.N.J. Nov. 25, 2024); *Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022) ("The case law . . . has found that delays of three to five years are not unreasonable—even before the COVID pandemic hit."); *Zengin v. Mayorkas*, No. 24-2196, 2025 WL 337594, at *3 (D.N.J. Jan. 29, 2025).

Second, in light of the statutory context, Congress made clear that although the INA sets a 180-day timeframe for adjudicating asylum applications, it expressly provides that no private right of action exists to enforce that timeline.  *Mutlu v. Mayorkas*, No. 23-22176, 2024 WL 4117329, at *3 (D.N.J. Sept. 9, 2024); § 1158(d)(7).  Accordingly, the 180-day timeframe is not mandatory and Defendants' failure to meet it is not unreasonable.  *Mutlu*, 2024 WL 4117329, at *3.

---

[3] Defendants argue that the Amended Complaint "effectively" challenges USCIS's LIFO system and that this Court lacks subject matter jurisdiction under APA § 706(2) to review or set aside the LIFO system. This Court disagrees with Defendants' interpretation of Plaintiff's arguments, as Plaintiff does not seek review of the LIFO system as a whole and only alleges that the adjudication of his individual asylum application has been unreasonably delayed.

Third, while the consequences of the delay are understandably frustrating, this District has recognized that "the painful consequences of [] delay are inherent in our immigration system. *Id.* (quoting *Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *10 (D.N.J. Mar. 4, 2024). The relief Plaintiff seeks would simply allow him to bypass other applicants who have also been waiting, and this Court may not "compel agency action where the result would be merely to expedite the consideration of a plaintiff's request ahead of others." *Id.* (quoting *Azam*, 2024 WL 912516, at *10). As Defendants note, Congress and USCIS have taken steps to mitigate the effects of delay by protecting asylum applicants from removal and permitting them to seek employment authorization while their applications remain pending. (D.E. 26-1 at 32–33; § 1158(d)(2); 8 C.F.R. § 208.7(a).

Lastly, this Court considers "any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources." *Oil, Chem.*, 145 F.3d at 123. Plaintiff does not allege that the delay in adjudicating his asylum application stems from anything other than limited resources and the subsequent backlog. While Plaintiff acknowledges that agencies have broad discretion to allocate and prioritize their resources, (D.E. 29 at 11), he does not allege that Defendants have the capacity to interview Plaintiff but decline to do so.

Having considered each of the *Oil* factors, this Court concludes that Plaintiff has failed to state a plausible APA claim for unreasonable delay of his asylum application, and Defendants' motion to dismiss Plaintiff's unreasonable delay claim is granted pursuant to Rule 12(b)(6).

B.  <u>Mandamus Act Claim</u>

Plaintiff's claim pursuant to the Mandamus Act seeks an order compelling Defendants to discharge what Plaintiff claims to be a non-discretionary duty to adjudicate Plaintiff's asylum application. (AC at 1.) The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is "an extreme remedy that is invoked only in extraordinary circumstances." *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *1 (3d Cir. July 31, 2024). To qualify for mandamus relief, a litigant must satisfy three requirements: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Temple Univ. Hosp. v. Sec'y United States Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021). The Third Circuit has interpreted these requirements as jurisdictional in nature. *Id.*; *see also Soobzokov v. Att'y Gen. of the U.S.*, 515 F. App'x 98, 101 (3d Cir. 2013).

Here, Plaintiff argues that USCIS has a "clear and mandatory" duty to adjudicate his asylum application within a reasonable time. (AC at 5.) Although the INA contemplates a final decision on an application within 180 days absent exceptional circumstances, the statute expressly forecloses any private right of action to enforce such timing. §§ 1158(d)(5)(A)(ii)–(iii); 1158(d)(7). Because Plaintiff is barred from bringing a cause of action to enforce the statutory timeframe, he cannot establish "a clear and indisputable right to relief" sufficient to invoke this Court's subject matter jurisdiction over the claim. *See Mutlu*, 2024 WL 4117329, at *4; *Ahmad v.*

*U.S. Citizenship & Immigr. Servs.*, No. 23-3332, 2024 WL 3272832, at *4 (D.N.J. July 2, 2024). As this Court lacks subject matter jurisdiction, Plaintiff's mandamus claim fails at the outset and is dismissed pursuant to Rule 12(b)(1).

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.  An appropriate order follows.

          ___/s/ Susan D. Wigenton_____
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
        Parties